IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| KOLO RETAIL, LLC; | : Case No. 15-21162 |
| | : |
| Debtor. | : |

## APPLICATION TO RETAIN ATTORNEYS

Kolo Retail, LLC, ("Kolo Retail" or the "Debtor"), hereby applies for an order authorizing the employment of Halloran & Sage, LLP ("H&S") as its counsel (the "Application"). In support of this Application, the Debtor respectfully represents upon information and belief as follows:

### I. INTRODUCTION AND
### GENERAL COMPANY BACKGROUND

1.   On June 30, 2015, the Debtor filed a voluntary petition for the relief afforded under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). In accordance with the provisions of 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code, the Debtor is authorized to continue to operate its businesses as a debtor-in-possession. No trustee or examiner has been appointed in these proceedings.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

3.      Kolo Retail is a Connecticut multimember LLC. Peter Dunn is the President and Chief Executive Officer. Kolo Retail's management and operations are primarily conducted from an office located at 1224 Mill Street, Building B, Suite 9, East Berlin, Connecticut, 06023, with warehouse space located in California.

4.      Kolo is a Delaware multimember LLC. It is operated by three managers: Peter Dunn, Paul Paci and Chris Hung. Peter Dunn is the President and Chief Executive Officer. Kolo's management and operations are primarily conducted from an office located at 1224 Mill Street, Building B, Suite 9, East Berlin, Connecticut, 06023.

5.      Kolo and Kolo Retail are involved in the marketing, distribution and retail sale of premium photo albums, canvas bags and home storage products. Its products are marketed and distributed under the Kolo brand via Kolo's wholly owned subsidiary, Kolo International, LTD, a Hong Kong company and via the web through Kolo Retail. The products are manufactured in the United States, China, Vietnam, India and various countries in the EU. The products are then distributed to retailers in Japan, a distributor in Belgium and to Kolo Retail and to Itoya Topdrawer Corp ("Topdrawer") which are both subsidiaries of Synergy Partners III ("SP3") in

the United States, the one hundred percent (100%) owner of Kolo Retail. Kolo owns approximately 49% of SP3. Neither Kolo or Kolo Retail currently have any employees, as former employees are now employed by Topdrawer.

6. Kolo has also filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. For reasons identical of those stated herein, Kolo is also seeking to employ H&S pursuant to §327(a) of the Bankruptcy Code.

7. A motion is pending before this Court requesting an order that these two cases be administered jointly in light of the unique circumstances of the Debtor and Kolo, and also to avoid unnecessary expense and foster administrative efficiency.

## II. RELIEF REQUESTED

8. Pursuant to §327(a) of the Bankruptcy Code, the Debtor desires to employ and retain H&S as counsel under a general retainer.

9. The Debtor contemplates that H&S will render general legal services to the Debtor as needed throughout the course of this Chapter 11 case, including litigation and bankruptcy assistance and advice. Certain of the legal services that H&S will render to the Debtor are summarized as follows:

    (a) Advising the Debtor of its rights, powers and duties as Debtor and Debtor-in- possession continuing to operate and manage its business and property;

(b) Advising the Debtor concerning and assisting in the negotiation and documentation of financing agreements, debt restructuring, cash collateral orders and related transactions;

(c) Reviewing the nature and validity of liens asserted against the property of the Debtor and the advising the Debtor concerning the enforceability of such liens;

(d) Advising the Debtor concerning the actions that it might take to collect and to recover property for the benefit of the Debtor's estate;

(e) Preparing on behalf of the Debtor certain necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules and other documents, and reviewing all financial and other reports to be filed in this chapter 11 case;

(f) Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices and other papers which will be filed and served in this Chapter 11 case;

(g) Counseling the Debtor in connection with the formulation, negotiation and promulgation of a plan of reorganization and related documents; and

(h) Performing all other legal services for and on behalf of the Debtor which will be necessary or appropriate in the administration of this Chapter 11 case.

10. The Debtor requires knowledgeable counsel to render the above-described essential professional services. H&S has substantial bankruptcy experience, is familiar with the business and financial affairs of the Debtor, and is well qualified to represent its interests in this

case.

11. Subject to the Court's approval, H&S will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. H&S will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

12. To the best of the Debtor's knowledge, information and belief, H&S has no connection with the Debtor, its creditors or any other party in interest other than other than that it is also seeking by separate application the be employed as counsel to Kolo in its Chapter 11 case..

13. To the best of the Debtor's knowledge, information and belief, H&S represents no interest adverse to the Debtor or to its estate in the matters for which it is proposed to be retained. The Debtor submits that the employment of H&S would be in the best interests of the Debtor, its estate and its creditors. An affidavit executed on behalf of H&S, in accordance with the provisions of §327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures and Local Rule of Bankruptcy Procedure 2014-1, is attached hereto and is incorporated herein by reference.

14. H&S intends to apply to this Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure.

15. No previous application for the relief requested herein has been made in this case.

WHEREFORE, the Debtor prays for entry of an order authorizing it to employ H&S in this case under a general retainer *nunc pro tunc* to the Petition Date and for such other and further relief as this Court shall deem just and proper.

Dated this 10th day of June, 2015 at _____.

                                    KOLO RETAIL, LLC

                                    By _____
                                    Peter Dunn, President and CEO
                                    Duly Authorized