IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>KOLO, LLC;<br>KOLO RETAIL, LLC<br><br>    Debtors.<br><br>KOLO, LLC<br>KOLO RETAIL, LLC<br><br>    Movants.<br>v.<br><br>ITO-YA, LTD,<br>CAST IRON ASSOCIATION, INC.,<br>TAX COLLECTOR, TOWN OF WINDSOR, CT,<br>TAX COLLECTOR, CITY OF HARTFORD, CT<br><br>    Respondents. | Chapter 11<br><br>CASE NO. 15-21161<br>CASE NO. 15-21162<br><br>Administratively Consolidated |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO
BANKRUPTCY CODE §361, 363 AND 364 AND BANKRUPTCY RULES 2002, 4001,
6004 AND 9014 FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE
DEBTORS TO OBTAIN POST PETITION FINANCING, (II) AUTHORIZING THE
DEBTORS TO USE CASH COLLATERAL, (III) GRANTING LIENS AND ADEQUATE
PROTECTION, (IV) SCHEDULING A FINAL HEARING AND
<u>(V) GRANTING RELATED RELIEF</u>**

Kolo, LLC (hereafter "Kolo") and Kolo Retail, LLC (hereafter "Kolo Retail", and collectively with Kolo, "Debtors"), Debtors and Debtors in Possession herein, pursuant to bankruptcy code §361, 363 and 364 and Rules 2002, 4001, 6004 and 9014, and seek an interim order and subsequently a final order authorizing (I) the Debtors to obtain a post-petition loan from Ito-ya, LTD (hereafter "Ito-ya"), (II) authorizing the Debtors to use cash collateral and granting adequate protection to Ito-ya and other alleged secured creditors who may claim in

interest in cash collateral, (III) scheduling a final hearing on post-petition financing and use of cash collateral and (IV) granting related relief and protections regarding the financing and use of cash collateral, and respectfully state:

## I. JURISDICTION AND VENUE

1. On June 30, 2015 (the "Petition Date") each filed voluntary petitions for relief under Chapter 11 of Title 11, U.S.C. in this Court. In accordance with sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate and manage their businesses as debtors and debtors in possession.

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Kolo is a Delaware multimember LLC. It is operated by three managers: Peter Dunn, Paul Paci and Chris Hung. Peter Dunn is the President and Chief Executive Officer. Kolo's management and operations are primarily conducted from an office located at 1224 Mill Street, Building B, Suite 9, East Berlin, Connecticut, 06023.

4. Kolo Retail is a Connecticut multimember LLC. Peter Dunn is the President and Chief Executive Officer. Kolo Retail's management and operations are primarily conducted from an office located at 1224 Mill Street, Building B, Suite 9, East Berlin, Connecticut, 06023, with warehouse space located in California.

## II. BACKGROUND

5. The Debtors are involved in the marketing, distribution and retail sale of premium photo albums, canvas bags and home storage products. Its products are marketed and distributed under the Kolo brand via Kolo's wholly owned subsidiary, Kolo International, LTD, a Hong

Kong company and via the web through Kolo Retail. The products are manufactured in the United States, China, Vietnam, India and various countries in the EU. The products are then distributed to retailers in Japan, a distributor in Belgium and to Kolo Retail and to Itoya Topdrawer Corp ("Topdrawer") which are both subsidiaries of Synergy Partners III ("SP3") in the United States, the one hundred percent (100%) owner of Kolo Retail. Kolo owns approximately 49% of SP3 with the other fifty-one percent (51%) owned by Ito-ya. Neither Kolo or Kolo Retail currently have any employees, as former employees are now employed by Topdrawer.

### III.   RELIEF REQUESTED

6. By this Motion, the Debtors request the following relief:

a) Authority for Kolo Retail to (i) enter into a revolving line of credit with Ito-ya up to a maximum amount of $100,000 in accordance with the Post-Petition Loan and Secured Agreement among Kolo Retail and Ito-ya, substantially in the form annexed hereto as Exhibit "A" (the Revolving Credit Line) with such other documents and agreements required by Ito-ya and annexed to the Revolving Credit Line; and (ii) Kolo shall guarantee the obligations of Kolo Retail to Ito-ya under the Revolving Credit Line;

b) Authorizing Kolo Retail to obtain from Ito-ya on an interim basis up to $50,000 subject to a final hearing wherein the Debtors will seek approval of the full amount of the Revolving Credit Line;

c) To secure advances under the Revolving Credit Line, to authorize the Debtors to grant Ito-ya (i) pursuant to §364(c)(1) of the Bankruptcy Code, a super priority administrative expense claim having priority over expenses and claims specified in

any other section of the Bankruptcy Code, including, without limitation, §503(b) and 507(b) of the Bankruptcy Code, but subject to certain carve outs as set forth below, and (ii) pursuant to §364(c)(2) and (3) of the Bankruptcy Code, liens on and security interests in any and all of the Debtors' assets as set forth in the Revolving Credit Line, and subject only to existing valid and duly enforceable prepetition senior liens;

d) Authorization for the Debtors to use its cash receipts in the ordinary course of business for operating expenses and approving the grant of adequate protection to Ito-ya and the Respondents who may claim a security interest in the Debtors' cash collateral;

e) Scheduling pursuant to Bankruptcy Rule 4001, an interim hearing on this Motion to consider entry of an interim order approving an interim loan in the amount set forth above and scheduling a final hearing to consider and approve on a final basis the financing and use of cash collateral requested herein.

7. The Debtors have determined in the sound exercise of their business judgment that they are in need of post-petition financing to meet ongoing working capital and general business needs. At the time of the filing of the petitions, the Debtors had virtually no working capital within which to purchase inventory to meet customer demands for the Kolo Retail online business. Ito-ya, which already holds pre-petition liens and security interests in the Debtors' assets, has agreed to provide post-petition financing upon the terms and conditions set forth in Exhibit "A" attached hereto. The principal terms of the Revolving Credit Line are summarized as follows:

    a)     Interest rate 5% (See Article I "Loan Rate", p. 6);
    b)     Default interest rate 3% (See Article I "Default Rate", p. 4);
    c)     Maturity (See Section 2.04)

d)  Events of Default. Events of default include, among others, failure to pay principal or interest when due and default in performance of certain covenants (See Article X);

e)  Liens. Ito-ya shall receive a super administrative expense priority under Section 364(c)(1)(ii) which priority shall be secured by liens in all of the Debtors' personal property pursuant to Bankruptcy Code §364c2(3) and (d) (See Loan Agreement, Section 4.01). The liens which are proposed to be granted herein shall be subject to existing and valid and non-avoidable pre-petition liens;

f)  Funding Commitment $100,000 (See Section 2.01);

g)  Covenants (See Article VI & VII);

h)  Waiver of state law perfection requirements; and

i)  Section 506(c) Waiver (Section 14.12(a).

## IV.    ALLEGED PRE-PETITION LIENS

8.  Prior to the Petition Date, Ito-ya funded certain legal expenses and inventory purchases to the Debtors and in exchange Kolo, LLC and Kolo Retail each granted security interests in virtually all of their assets.

9.  Prior to the Petition Date, City of Hartford Tax Collector, filed a notice of tax lien with the Secretary of State asserting a secured claim against Kolo, LLC and which may give it an interest in cash collateral as provided in §361 and 363 of the Bankruptcy Code.

10.  Prior to the Petition Date, the Town of Windsor Tax Collector, filed a notice of tax lien with the Secretary of State asserting a secured claim against Kolo Retail, LLC and which may give it an interest in cash collateral as provided in §361 and 363 of the Bankruptcy Code.

11.  Prior to the Petition Date and within 90 days of the filing, Cast Iron Associates, LLC (Cast Iron) commenced suit and obtained an attachment and against Kolo's assets including Kolo's intellectual property. Kolo disputes the claims and liens of Cast Iron and further asserts that any such attachment is voidable pursuant to the provisions of 11 U.S.C. §547.

12.  The pre-petition asserted liens of Ito-ya, the Department of Revenue, City of Hartford, the Town of Windsor, and Cast Iron are hereafter referred to as the "Pre-Petition Secured Creditors".

13.    The Debtors are unable to obtain an adequate unsecured line of credit allowable under §503(b)(1) of the Bankruptcy Code and must grant to Ito-ya a super priority administrative expense claim as contemplated by §364(c)(1) of the Bankruptcy Code and liens as contemplated by §364(c)(2) and (c)(3) of the Bankruptcy Code. Ito-ya has conditioned its post-petition revolving credit loan upon the grant of the super priority expense claim and liens proposed herein. Subject however, to a carve out of such liens in favor of (i) fees of the United States Trustee under §1930(a)(6) of Title 28 of the United States Code; and (ii) court approved fees of the Debtors' professionals not to exceed $75,000.

14.    Due to the depletion of the Debtors' cash reserves, Kolo Retail seeks an initial interim advance of $50,000 for the purchase inventory under the Revolving Credit Line pending a final hearing.

15.    To the extent the Pre-Petition Secured Creditors liens constitute duly perfected nonavoidable liens against the assets of the Debtors or either of them, and specifically against the Debtors cash and accounts receivable, then the Debtors' cash and cash receipts constitute "cash collateral" as such term is defined in §363 of the Bankruptcy Code. In order to operate and to preserve the value of the Debtors' assets, the Debtors will be required to use and disburse cash collateral during the period ending July 31, 2015 (the "Interim Period") following the Petition Date, in order to avoid immediate and irreparable harm to the Debtors. A monthly budget reflecting necessary disbursements for the Interim Period is attached to this Motion as Exhibit "B" (the "Budget"). The Debtors request a 10% variance from any line item on the budget and to vary from the budget by amounts in excess of 10% upon the consent of Ito-ya.

16.    As adequate protection against any post-petition date erosion of the Pre-Petition Secured Creditors' cash collateral within the meaning of §361 and 363 of the Bankruptcy Code, the

Debtors propose to grant to the Pre-Petition Secured Creditors replacement liens in all after acquired cash collateral, but only to the same extent prior validity such pre-petition liens existed on the Petition Date, and subject and subordinate to the carve outs described above.

17.    The terms of the Revolving Credit Line have been negotiated in good faith and at arm's length between the Debtors and Ito-ya and reflect the Debtors exercise of prudent business judgment consistent with their fiduciary duties, and are fair and reasonable under the circumstances and are enforceable in accordance with applicable law. The credit extended to the Debtors by Ito-ya under the Revolving Credit Line should be deemed to have been extended in "good faith" as that term is used in §364(e) of the Bankruptcy Code, and in express reliance upon the protection set forth herein, and should be entitled to the full protection of §364(e) of the Bankruptcy Code in the event that the proposed interim financing or any provision thereof is vacated, reversed or modified on appeal or otherwise.

18.    The Debtors have requested immediate entry of the Interim Order. Absent granting the relief sought by the Interim Order, the Debtors' estates will be immediately and irreparably harmed, as the Debtors have no alternative source of financing to meet their immediate financing or projected business obligations.

19.    Pursuant to Bankruptcy Rule 4001(c)(2) the Debtors respectful request that the Court set a date for a final hearing that is not less than 15 days after entry of an Interim Order.

WHEREFORE, the Debtors respectfully request that the Court (1) enter the proposed Interim Order, (2) schedule a final hearing to consider the relief requested herein, and (3) grant the Debtors such other and further relief as this Court deems just and proper.

Dated this 30th day of June, 2015 at Hartford, Connecticut.

THE DEBTORS

KOLO, LLC
KOLO RETAIL, LLC

By_____/s/ Craig I. Lifland_____
    Craig I. Lifland, CT00976
    Michael S. Wrona, CT24105
    Kaitlin M. Humble, CT29525
    Halloran & Sage, LLP
    225 Asylum Street
    Hartford, CT 06103
    Tel.: 860-522-6103
    Fax: 860-548-0006
    lifland@halloransage.com
    wrona@halloransage.com
    humble@halloransage.com